**In the Interest of M.A.M.**

**No. 09–00–268 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Jan. 23, 2001.

Decided Feb. 8, 2001.

Scott Rothenberg, Bellaire, for appellant.

Richard L. Flowers, Jr., Kevin McEvily, McEvily & Flowers, Houston, for appellees.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

WALKER, Chief Justice.

Non-relative prospective adoptive parents pursue this appeal in a suit affecting the parent-child relationship. Vicki Terry and David Terry filed a termination and adoption petition concerning M.A.M., a child born February 10, 1998. An intervention filed by Eloise Salinas Miles, M.A.M.'s maternal grandmother, also sought termination of parental rights and adoption or custody of the child. The trial court terminated the parental rights of the child's mother, Lisa Salinas Melton, denied the petitions to terminate the parental rights of Clinton Lee Scott, severed Scott's voluntary paternity petition into a separate cause, denied the Terrys' and Miles's petitions for adoption, and appointed Miles as the sole managing conservator of M.A.M. The Terrys present five issues. Miles raises one cross-point.

Issues one through four concern Miles's standing in this suit:

Issue one: Judge Edwards' conclusion of law that Eloise Miles has standing to bring a suit affecting the parent-child relationship as to [M.A.M.] pursuant to section 102.003(a)(9) of the Texas Family Code Annotated is incorrect as a matter of law and is against the great weight and preponderance of the evidence and is clearly wrong and unjust.

Issue two: Judge Edwards' conclusion of law that Eloise Miles has standing to intervene in the suit affecting the parent child relationship brought by Vicki Terry and David Terry pursuant to section 102.004(b) of the Texas Family Code Annotated is incorrect as a matter of law and is against the great weight and preponderance of the evidence and is clearly wrong and unjust.

Issue three: Judge Edwards' finding of fact that Eloise established by clear and convincing evidence that she had "substantial past contact" with [M.A.M.] is against the great weight and preponderance of the evidence and is clearly wrong and unjust.

Issue four: Judge Edwards abused his discretion by refusing to strike the petition in intervention filed by Eloise Miles.

In this appeal, non-relatives argue that a child's biological progenitor lacks standing in a suit affecting the parent-child relationship because she did not supply the child's principal residence. Prior to the insti-

gation of this litigation, the parties maintained an arrangement in which Miles's parents, Ernest and Anita Salinas, cared for M.A.M. in their home for part of each week, the Terrys cared for M.A.M. in their home for the remainder of each week, and Miles kept M.A.M. on some weekends and on holidays. The Terrys argue that, in order to properly exercise its discretion in permitting Miles's intervention in the Terrys' suit, the trial court must require evidence that Miles established substantial past contact with M.A.M. Since Miles cared for M.A.M. in her home between one and eight percent of the time, "by process of simple mathematics," the Terrys argue, Miles failed to establish substantial past contact with M.A.M.

TEX. FAM.CODE ANN. § 102.004(b) (Vernon Supp.2001) provides:

> (b) An original suit requesting possessory conservatorship may not be filed by a grandparent or other person. However, the court may grant a grandparent or other person deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this subchapter.

■ A qualifying phrase contained in a statute must be confined to the words and phrases immediately preceding it to which it may be applied without impairing the meaning of the sentence. *Spradlin v. Jim Walter Homes, Inc.*, 44 Tex. Sup.Ct. J. 158, 160, 34 S.W.3d 578, 580 (Tex.2000). The qualifying phrase, "deemed by the court to have had substantial past contact with the child," modifies "other person," not "grandparent or other person." Section 102.004(b) recognizes two classes of persons: 1) grandparents, and 2) other persons deemed by the court to have had substantial past contact with the child. As Miles is indisputably the biological maternal grandmother of M.A.M., no finding of substantial past contact with M.A.M. was required for her to satisfy the standing requirement of Section 102.004(b).

We hold that Eloise Salinas Miles established her standing to intervene in the suit affecting the parent-child relationship of M.A.M. Accordingly, the trial court did not abuse its discretion when it denied the Terrys' motion to dismiss the intervention. Issues two and four are overruled. We decline to rule upon issues one and three.

■ Issue five challenges the trial court's finding that it is in the best interest of M.A.M. that Eloise Salinas Miles be appointed her sole managing conservator. Some of the factors employed in a "best interest" analysis include: 1) the desires of the child; 2) the emotional and physical needs of the child now and in the future; 3) the emotional and physical danger to the child now and in the future; 4) the plans for the child by the party seeking the change; and 5) the stability of the home or proposed placement. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).

Lisa Melton has given birth to three children, S.C.M., C.L.S., and M.A.M.[1] Miles adopted S.C.M. and C.L.S. before the trial of this cause. Investigator Melissa Hunt reached the following conclusions in her social study: 1) both parties love M.A.M.; 2) the Terrys are a financially secure, two-parent family; 3) Miles has a strong, dependable family support system; 4) Miles's desire to keep the siblings together should be strongly considered. The social worker recommended placing M.A.M. with Miles.

Vicki Terry testified that Miles admitted to her that she was not financially or emotionally able to raise Lisa's three children together. The Terrys produced evidence that they supplied a loving, nurturing environment for M.A.M. and the two other children the Terrys have brought into their home after the children's parents engaged in criminal conduct. M.A.M. bonded with the Terrys and their adopted daughter.

---

1. Melton was pregnant again at the time of trial.

Miles testified she told the Terrys she was going to raise the three children together. When M.A.M. was with Ernest and Anita Salinas, the family worked out a schedule so the family would be together. Miles testified that she has a very close-knit family. A sibling relationship exists between M.A.M., S.C.M., and C.L.S. Miles's teen-age son, who is also very close with M.A.M., helps a lot. Ernest and Anita Salinas are available to assist Miles with M.A.M., as are Miles's aunts and other members of her extended family. If placed in Miles's custody, M.A.M. would stay with C.L.S.'s daycare provider while Miles is at work.

Miles suggests that the Terrys tried to purchase M.A.M. from Lisa Melton. Melton denied accepting remuneration for signing a relinquishment of parental rights in favor of the Terrys. She admitted to having acquired two vehicles through the Terry family. The Terrys began paying for Melton's hotel room the day after she signed an affidavit of relinquishment. They paid for Melton's hotel room for several months.

■ The trial court has wide discretion in determining what is in the best interest of the child, and its judgment regarding conservatorship will only be disturbed on appeal if it is shown from the record as a whole that the court abused its discretion.

*Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982). Although the Terrys could provide a stable, nurturing environment for the child, M.A.M.'s own family could provide a suitable environment for M.A.M. without separating her from her siblings. The trial court's finding regarding the best interest of the child is not against the great weight and preponderance of the evidence. We hold the trial court did not abuse its discretion in appointing Eloise Salinas Miles as the sole managing conservator of M.A.M. Issue five is overruled.

■ Miles's cross-point seeks damages for the filing of a frivolous appeal. TEX. R.APP. P. 45. Although their appeal was unsuccessful, the Terrys' arguments were not totally without support. This appeal does not present circumstances so egregious as to warrant imposition of sanctions. The cross-point is overruled.

Finding no reversible error, we affirm the trial court's judgment.

AFFIRMED.