OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



June 24, 2002

The Honorable Robert B. Scheske
Gonzales County Attorney
P. O. Box 3
Gonzales, Texas 78629-0003

Opinion No. JC-0516

Re: Applicability of article 103.0031 of the Code of Criminal Procedure when a defendant has failed to appear in a Class C misdemeanor case (RQ-0485-JC)

Dear Mr. Scheske:

You have asked this office whether a fine suggested by a justice of the peace in connection with the issuance of an arrest warrant for the failure of a defendant to appear in a Class C misdemeanor case is a "debt[] [or] account[] receivable . . . ordered to be paid by a court," TEX. CODE CRIM. PROC. ANN. art. 103.0031(a) (Vernon Supp. 2002), that may be collected by a private vendor pursuant to article 103.0031 of the Code of Criminal Procedure. We conclude that, absent an order by the magistrate, a "suggested" fine is not within the terms of article 103.0031.

Chapter 103 of the Code of Criminal Procedure is generally concerned with the powers, means, and procedures for collecting various costs. It forms part of title 2 of the code, a nonsubstantive recodification enacted by the Sixty-ninth Legislature. See Act of May 17, 1985, 69th Leg., R.S., ch. 269, 1985 Tex. Gen. Laws 1300, 1305-06. Article 103.0031(a) provides:

> The commissioners court of a county or the governing body of a municipality may enter into a contract with a private attorney or a public or private vendor for the provision of collection services for *debts and accounts receivable such as fines*, fees, restitution, and other debts or costs, other than forfeited bonds, *ordered to be paid by a court* serving the county or a court serving the municipality, as appropriate.

*Id.* (emphasis added). Such contracts may authorize the addition of collection fees of thirty percent on debts or accounts receivable that are more than sixty days past due. *See* art. 103.0031(b) (Vernon Supp. 2002).

As you explain the situation which gives rise to your request, a traffic citation is issued and the defendant by signing the ticket makes a promise to appear before the justice of the peace. The defendant fails to keep that promise, and the justice of the peace issues an arrest warrant based on

the failure to appear. "Often in connection with this warrant, the court suggests a fine that would be acceptable to the Justice of the Peace upon the arrest of the violator. The acceptable fine can be paid to the magistrate when arrested."[1] As your second letter to us makes clear, you are not concerned with a situation in which a fine has been ordered after a judicial hearing, but rather "class C misdemeanor cases in which there has been no appearance in the case by the defendant and the amount of the fine is suggested as an acceptable fine by the judge or justice."[2] We take this to mean that no order has been issued and that only an informal suggestion has been made.

The debts that may be collected under article 103.0031 are, according to the plain language of the statute, those which have been "ordered to be paid by a court." TEX. CODE CRIM. PROC. ANN. art. 103.0031(a). It has been suggested in a brief submitted to this office that, in line with the doctrine of the last antecedent, *see, e.g., In re M.A.M.*, 35 S.W.3d 788, 790 (Tex. App.–Beaumont 2001, no pet.), the phrase "ordered to be paid by a court" might be held only to modify "fines, fees, restitution, and other debts or costs" and not "the more remote words 'debts and accounts receivable'."[3]

One principal difficulty with this argument is that the phrase "*such as* fines, fees, restitutions, and other debts or costs" is a single illustrative series referring precisely to "debts and accounts receivable." Further, subsection (d) of article 103.0031 begins with the words, "If a private attorney or private vendor collects from a person *owing costs ordered paid by the court* an amount that is less than the total costs . . . ." TEX. CODE CRIM. PROC. ANN. art. 103.0031(d) (Vernon Supp. 2002) (emphasis added). Reading the language of subsections (a) and (d) together, then, it is clear that the sums a lawyer or collection agency may contract with the commissioners to collect are those "ordered paid by the court." *See Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998) (statutory provisions to be considered in context of entire act).

In the situation you describe, however, there has been no such order. When, as here, no order has been issued, article 103.0031 is not, by its terms, applicable. *See, e.g., Marx v. State*, 987 S.W.2d 577, 582 (Tex. Crim. App. 1999) (en banc) (in construing statute, court "necessarily focus[es] . . . attention on the literal text of the statute in question.").

---

[1]Letter from Honorable Robert B. Scheske, Gonzales County Attorney, to Susan Denmon Gusky, Chair, Opinion Committee, Office of Attorney General, at 1 (Dec. 27, 2001) (on file with Opinion Committee).

[2]Letter from Honorable Robert B. Scheske, Gonzales County Attorney, to Susan Denmon Gusky, Chair, Opinion Committee, Office of Attorney General, at 1 (Jan. 22, 2002) (on file with Opinion Committee).

[3]Brief from F. Duane Force, Linebarger, Goggan, Blair, Pena & Sampson, L.L.P., to Honorable John Cornyn, Texas Attorney General, at 6 (Jan. 17, 200[2]) (on file with Opinion Committee).

## S U M M A R Y

Article 103.0031 of the Code of Criminal Procedure is inapplicable in a case in which a justice of the peace has informally suggested an acceptable fine.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee