**Richard Lindell CHAPMAN et ux., Appellants,**

v.

**Edna Gladney HOME, Appellee.**

**No. 17945.**

Court of Civil Appeals of Texas, Fort Worth.

Jan. 20, 1978.

Clifford Powell, Sherman and Denning Schattman, Fort Worth, for appellants.

Wynn, Brown, Mack, Renfro & Thompson, and John Randolph Thompson, Jr., and William M. Schur, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

By arrangement with Mr. and Mrs. Chapman the Edna Gladney Home, a licensed child placement agency, permitted an infant female child to reside in the Chapman home. Anticipation was that after the expiration of a period of six months the Chapmans would proceed to effect an adoption. Within that six-month period the Gladney Home concluded that such an adoption would not be for the best interests of the child. Gladney Home removed the child from their custody. The Chapmans filed suit because of the removal.

Unimportant, but made an issue, is whether the Chapman suit was one for adoption. The prayer of their petition read:

"WHEREFORE, PREMISES CONSIDERED Petitioners pray:

(1) That the Court order the managing conservator to immediately return the child to the home of Petitioner as a placement for adoption.

(2) That the Court order a social study into the home of Petitioners.

(3) That the Court set a date for hearing of this adoption for such other and further relief either at law or in equity to which they may show themselves justly entitled."

The judgment of the trial court recited findings that Gladney Home had good cause to refuse to consent to the adoption of the child by the Chapmans; it had refused to so consent; and that the court's judgment would be for the best interest of the child. The judgment concluded as follows:

"It is, therefore, ORDERED, ADJUDGED AND DECREED that the request of Petitioners [the Chapmans] for the Court to consent to the adoption of the said child is hereby denied; . . . that the Edna Gladney Home remain as Managing Conservator of the child. It is further ORDERED, ADJUDGED AND DECREED that all other relief sought by Petitioners . . . be and the same is hereby denied."

From this judgment the Chapmans appealed.

We affirm the judgment.

 We agree with the Gladney Home that it is appropriate in this case to make certain holdings applicable to the circumstances of this case and we do hold, as it advocates, as follows:

1. In agency adoption situations, consent of the managing conservator must be expressed in writing pursuant to the literal terms of Section 16.05(a), Texas Family Code, and will not be inferred from the fact of placement or subsequent acts allowing a child to remain in the possession of would-be adoptive parents.

2. The trial court may not waive the requirement that the managing conservator consent to the adoption unless the trial court finds *both* that the managing conservator has withheld or revoked consent without good cause *and* that waiver of consent is in the best interest of the child.

3. The managing conservator has good cause for withholding consent whenever it has good reason to believe in good faith that the adoptive placement is not working out satisfactorily or that the best interest of the child requires that it withhold or revoke consent.

4. The burden of proof of establishing the managing conservator's lack of good cause for withholding or revoking consent rests upon the party seeking waiver of the consent requirement.

5. The trial court may, in one hearing, consider whether or not the managing conservator has withheld consent without good cause, whether or not the child should be restored to the possession of the prospective adoptive parents, whether or not the adoption should be granted, and, if not, whether or not the managing conservator should have authority to place the child in the home of third parties pending appeal of an adverse decision by the original prospective adoptive parents.

We do not perceive in the prayer of the petition of the Chapmans that they sought the entry of a decree of adoption. Rather does it appear that what was sought was mandatory injunction compelling the return of the child that thereafter they might proceed to file their petition to adopt her by provisions of Texas Family Code, Title 2, "Parent and Child," Ch. 16, "Adoption," § 16.03, "Prerequisites to Petition"—with the ultimate objective accomplishment of adoption as provided by the subsequent § 16.08, "Decree."

 In view of our holding that there was propriety in the judgment denying all relief sought by the Chapmans, it is immaterial that any question exists in this case

upon propriety of the adjudication denying "consent to adopt." It would be otherwise if six months had not expired between date of placement of the child with the Chapmans. In this case six months had expired. As part of the issues to be tried under the Chapman pleadings there was necessity for a determination of the best interests of the child and the court did determine that it was not in such child's best interests that the Chapmans have the child restored to them as "a placement for adoption." Therefore, if we are correct in our conclusion that the judgment and its attendant findings are to be upheld, adoption by the Chapmans would be foreclosed in any event as part of the doctrine of estoppel. Here it would serve no purpose to reform the judgment in denial of an adoption when there would in any event be a denial of the "right to adopt." The ability to place the child with different prospective parents should not be delayed by a type of legal technicality which might result by any reformation of judgment which could possibly permit a future trial of a petition by the Chapmans to adopt the child whose interests are at stake in this case. Applicable, and more familiar to students, are the principles of law usually treated under articles upon estoppel by verdict or estoppel by record. See 31 C.J.S. Estoppel §§ 4 to 9, pp. 292–295, inclusive.

Family Code, Ch. 16, "Adoption," § 16.04, "Residence With Petitioner," provides that before a petition for adoption of a child shall be granted, such child must have lived with the petitioner for adoption at least six months, with exception where the court might decide it to the best interest of the child that the residence requirement might be waived. See also § 16.05, "Consent Required," by which there is provision that in the event a managing conservator (other than the petitioner for adoption, etc.) has been theretofore appointed (as is the case here where at an earlier time Gladney Home had been appointed) such managing conservator must consent to the adoption by instrument in writing filed as part of the record of the adoption proceedings. Thereby, applicable to the instant proceeding is

the exception, viz: "The court may waive the requirement of consent to the adoption by the managing conservator if it finds that the consent is being refused, or has been revoked, without good cause."

■ In this case Gladney Home had never given any consent, certainly not a consent in writing, for the Chapmans to institute or accomplish adoption proceedings. Were the proceedings below those usual in adoption cases the Chapmans would have been obliged to bear the burden of proof to establish that withholding consent by Gladney Home was without good cause, for by provision of law they would not in any event be entitled to a decree of adoption unless by allegation and proof they could persuade the court to make that finding against Gladney Home as the managing conservator. This the Chapmans did not establish on the trial below. By the evidence made on trial of the case we would hold, if it be necessary, that even if the burden be considered as cast upon Gladney Home to establish good cause for refusal of consent there was a discharge of the burden. The finding and conclusion of the trial court that there was propriety in Gladney Home's withholding consent to adopt—treating it as actually an issue to be tried—was justified by Gladney's evidence.

Ten of the Chapmans' eleven points of error are complaints of various of the court's findings of fact and conclusions of law. We have examined these. Though some of the findings and conclusions were unnecessary to be made and are immaterial to the determination of a proper judgment, all the findings and conclusions were supported by the evidence and none were so contrary to the greater weight and preponderance of the evidence as to be clearly erroneous.

■ Only the Chapmans' point of error No. 7 is to be noticed as distinguishable. Therein is the contention that the Gladney Home did not prove conclusively as a matter of law that it did not have good cause to revoke consent to adopt. We overrule the contention. The Gladney Home had no ob-

ligation to discharge the burden assumed as incumbent on it by the point of error, and cause for revocation of consent was not at issue for there had not been any initial consent to adopt as provided by statute.

The parties litigant are well aware of the evidence placed in the record. There is not occasion to write upon it in this opinion.

Save upon the placement of the burden of proof which we consider as elemental, there has not—since enactment of Texas' Family Code—been definitive statements upon applicable law by Texas appellate courts. Opinions in cases from other jurisdictions and persuasive Texas opinions in cases not involving the precise issues have been considered. There is not sufficient occasion that they be cited in support of our holdings here.

All points of error have been severally considered and are overruled.

Judgment is affirmed.