Homer E. Dean, Jr., Alice, Herbert P. Brust, Houston, for appellants.

Parker Ellzey, Alice, for appellee.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

BANK OF the SOUTHWEST, NATIONAL ASSOCIATION, James R. Leute, Frank A. Leute, Robert V. Leute and Gailey Leute Schmidt, Appellants,

v.

Ervin STEHLE, Appellee.

No. 16906.

Court of Appeals of Texas, San Antonio.

Oct. 19, 1983.

Rehearing Denied Nov. 28, 1983.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment based on a jury verdict awarding appellee Ervin Stehle (Stehle) an option to purchase a portion of the residuary estate, i.e., a farm in Alice, Texas, devised to appellants James R. Leute, Frank A. Leute, III, Robert V. Leute, Gailey Leute, and Frank A. Leute, III, as trustee for Mary Leute Richmond by the testatrix Catherine L. Behrns, deceased.

Before the commencement of the suit in the District Court of Jim Wells County, appellant Bank of the Southwest, as independent executor named in the last will and testament of Catherine L. Behrns, deceased, filed the will for probate in Probate Court No. 2 of Harris County. The will was admitted to probate and the Bank of the

Southwest qualified and was appointed independent executor of the estate. Administration in said estate is still actively proceeding and pending.

The jury found that it was not the intent of the testatrix that Stehle have a preemptive right to purchase the farm, but that he have an option to purchase the farm. The jury further found the fair market price of the farm on May 26, 1975 to be $200,000.00; on March 25, 1980 to be $215,000.00; and on May 12, 1980 to be $220,000.00; and further, that a period of six months was a reasonable time for Stehle to obtain financing for the purchase of the farm. The district court entered judgment awarding Stehle an option of four months duration from the date of final judgment to purchase the farm in Alice, Texas, for the purchase price of $200,000.00 and that title to the farm would vest in Stehle upon his deposit with the Bank of the Southwest of said sum. Appellants present us with three points of error, one of which challenges the jurisdiction of the District Court of Jim Wells County to hear Stehle's suit. Because we agree with appellants on the question of jurisdiction, a disposition of appellant's remaining grounds of error would be unnecessary. Accordingly, we reverse.

The undisputed facts relevant to our determination of the issue of jurisdiction are as follows: Before the commencement of the suit before us, appellant, the Bank of the Southwest, as independent executor named in the last will and testament of Catherine L. Behrns, filed the will for probate in Probate Court No. 2 of Harris County. The will was admitted to probate and appellant, the Bank of the Southwest, qualified and was duly appointed independent executor of the estate. Based on the following provision in the will:

19. I direct that Ervin Stehle be given the right of first refusal to purchase my farm in Alice, Texas at a fair market price, and he be extended a reasonable time to obtain financing for the purchase if he elects to so purchase the farm.

Appellant, the Bank of the Southwest, offered the farm to Stehle for the purchase price of $200,000.00. Stehle agreed and prepared a contract for the sale of real estate encompassing the terms agreed upon. The contract terms were not acceptable to the other appellants, the residuary legatees. Instead, they made a counter offer by altering the contract previously prepared by Stehle and substituted therein a new purchase price of $240,000.00 and a reservation of one-half (½) of the oil, gas and other similar minerals. On July 3, 1980 Stehle filed suit against appellants in the District Court of Jim Wells County. On May 1, 1981 Stehle filed his first amended original petition, upon which he went to trial. Stehle sought therein to recover the farm and judgment vesting title to the farm in him, and in the alternative, for judgment declaring that he had an option to purchase the farm at a fair and marketable price with the right to a reasonable time of 120 days to obtain financing for the purchase; and further in the alternative, that a binding agreement existed in which he should acquire full ownership of the subject land for $200,000.00. Appellants filed a plea to the jurisdiction of the District Court of Jim Wells County on the ground that Probate Court No. 2, Harris County, Texas, in which the administration of the estate was then proceeding, had exclusive jurisdiction.

Appellee contends that this is a suit for recovery of land, and jurisdiction and venue was in the District Court of Jim Wells County, where the land was situated. He refers us to *Mecom v. Gallagher, et al.,* 192 S.W.2d 804 (Tex.Civ.App.—Waco 1946, writ ref'd n.r.e.), for the proposition that a District Court has exclusive jurisdiction of a suit for the title and possession of land. While we have no quarrel with the finding of the court in *Mecom,* that case has no application to the case before us. In *Mecom,* there was no estate involved, the court was determining the provisions of a lease between parties still alive and not the terms of a will. Appellees also rely on *Gordy v. Alexander,* 550 S.W.2d 146 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.), a will construction case where the Court of Appeals

held that the District Court of Dallas County correctly overruled a contention by one of the parties that the Texas Probate Code in effect at that time[1] vested exclusive subject matter jurisdiction over the action in the Probate Court of Dallas County.

Since *Gordy,* the language of the Texas Probate Code pertaining to this matter has been amended to read as follows:

> (b) In proceedings, in the statutory probate courts and district courts, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons.... In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court.

Act of June 13, 1979, ch. 713, § 3, 1979 Tex.Gen.Laws 1740, 1741.

Appellee's reliance on *Gordy* is misplaced due to the above quoted amendment.

The issue presented in this case is whether the District Court could have entertained the suit filed by Stehle. We hold that it could not. Stehle's suit in the District Court was a cause of action appertaining to estates or incident to an estate. Under the provisions of section 5A(b) of the Texas Probate Code, Probate Court No. 2 of Harris County had acquired jurisdiction to determine the subject matter raised by Stehle

in his pleadings to the exclusion of any court. Because that court had acquired exclusive jurisdiction, the proper action of the District Court of Jim Wells County would have been to sustain the plea to the jurisdiction and dismiss Stehle's suit. *Cf. Boman v. Howell,* 618 S.W.2d 913, 916 (Tex. Civ.App.—Fort Worth 1981, no writ); *Eisenhauer v. Williams,* 537 S.W.2d 336, 337 (Tex.Civ.App.—San Antonio 1976, no writ). Accordingly, we reverse the judgment of the trial court and order that this cause be dismissed from the trial court's docket.

---

1. The language of the section then provided:
(d) All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but

not limited to, all claims by or against an estate ... and actions to construe wills. Act of June 21, 1975, ch. 701, § 2, 1975 Tex.Gen. Laws 2195, 2196.