Orville VanZANDT, Appellant,

v.

Dorothy McKelvy HOLMES, et
al, Appellees.

No. 10–84–135–CV.

Court of Appeals of Texas,
Waco.

March 7, 1985.

Harry L. Dulick, Ferguson & Dulick, Inc., Cleburne, for appellant.

Terry Bradley, Bradley and Lummus, Cleburne, for appellees.

## OPINION

THOMAS, Justice.

This is a boundary dispute tried in the form of a trespass to try title suit. Orville VanZandt, Plaintiff-Appellant, appeals a take-nothing judgment in favor of Defendants-Appellees, Dorothy McKelvy Holmes, Roger Holmes and Marvin Joe McKelvy. In a non-jury proceeding the court rendered judgment after VanZandt rested but before Appellees had produced any evidence or rested. VanZandt contends that the court erred in this regard because the evidence had raised material fact issues. We reverse and remand.

VanZandt, who had developed the Crestview Addition to the City of Cleburne, sold Lot 2, Block 854, of the Crestview Addition (Lot 2) to Roger McKelvy by a general warranty deed on July 3, 1953. Appellees, who are Roger McKelvy's son, daughter and grandson, acquired title to Lot 2 when McKelvy died in 1980. VanZandt owns the lots contiguous to the rear property line of Lot 2. Prior to selling Lot 2 to Roger McKelvy, VanZandt had granted a 10-foot-wide utility easement to Texas Power and Light Company, and utility poles had been erected within the easement. According to

VanZandt, the easement extended five feet on either side of the rear boundary line between his and McKelvy's property. VanZandt contended that the utility poles had been erected on the property line in the center of the easement; however, Appellees contended that the utility poles had been erected inside the rear boundary line of Lot 2. In October 1982, after having Lot 2 surveyed, Appellees moved a chain-link fence approximately seven to eight feet toward VanZandt's property line. The fence had been erected by Roger McKelvy shortly after he purchased Lot 2. VanZandt claimed that the fence, in its new position, encroached on his rear property line, and he destroyed a portion of the fence. Appellees contended that the fence had been moved to the boundary line. VanZandt filed suit when the parties could not resolve their differences. He plead a trespass to try title action and alternatively alleged adverse possession under the three, five, ten and twenty-five-year statutes of limitation. He sought title and possession of the disputed property, $200 in damages, and attorney fees. Appellees answered with a plea of "not guilty". Prior to trial Appellees demanded that VanZandt produce an abstract of title under Rule 791 of the Texas Rules of Civil Procedure. Prior to trial VanZandt furnished Appellees with a list of instruments on which he relied for title, but the list was not filed within twenty days after notice of demand as required by Rule 792.

VanZandt, who testified on his own behalf, also called Dorothy McKelvy Homes and Theo Darnell, Appellees' neighbor, as witnesses. VanZandt and the other witnesses generally disagreed on the location of the boundary line, on whether the utility poles had been erected on the boundary line, on whether the chain-link fence, as originally constructed by Roger McKelvy, had established the boundary line by agreement, and on whether Roger McKelvy had maintained the disputed property as his own. When VanZandt rested, Appellees moved to dismiss his suit on the ground that VanZandt had not shown evidence of

title as required in a trespass to try title action, and this motion was purportedly granted.

On June 18, 1984, the court signed a judgment titled "Judgment of Dismissal". The judgment is conflicting because it purports to dismiss VanZandt's suit with prejudice and also decrees a take-nothing judgment against him on the merits. *See City of Abilene v. Fryar,* 143 S.W.2d 654, 656 (Tex.Civ.App.—Eastland 1940, no writ). When a plaintiff rests before establishing a cause of action, the appropriate defensive response is a motion for instructed verdict rather than a motion for dismissal. R. McDonald, *Texas Civil Practice* § 17.17 (1984). In Texas an involuntary dismissal of the plaintiff's action is generally limited to instances where the suit is dismissed upon sustaining of a plea in abatement or a special exception without a curative amendment or where the suit is dismissed because the action has become moot. *Id.* Involuntary dismissal is also appropriate for lack of prosecution and for lack of jurisdiction. *Id.* Because it was inappropriate under the circumstances to dismiss VanZandt's suit, we construe the judgment to be a take-nothing judgment.

In his first point, VanZandt contends that the court erred when it granted the equivalent of an instructed verdict in favor of Appellees because the evidence had raised material fact issues. Appellees argue that the court did not enter an instructed verdict. They point out that the case was tried without a jury, that the court was the fact-finder, and that the court could resolve any disputed fact issues against VanZandt after he had presented his case. This argument is without merit.

Where the court enters judgment for a defendant in a non-jury proceeding at the conclusion of the plaintiff's case-in-chief and before the defendant has rested, the court's action is equivalent to entering an instructed verdict in a jury trial, and it must be reviewed on appeal as an instructed verdict. *See Plumb v. Stuessy,* 617 S.W.2d 667 (Tex.1981) (holding that the court erred when it granted an *instructed*

*verdict* for the defendant after the plaintiff had rested in a non-jury proceeding); *see also Rhinetubes, Inc. v. Norddeutscher Lloyd,* 335 S.W.2d 269 (Tex.Civ.App.—Houston 1960, writ ref'd n.r.e.). In reviewing a take-nothing judgment as an instructed verdict, the evidence must be viewed in the light most favorable to the non-movant, and every reasonable inference arising from the evidence must be indulged against the movant. *Dunagan v. Bushey,* 152 Tex. 630, 263 S.W.2d 148, 153 (1953). Furthermore, an instructed verdict is improper if the evidence raises material fact issues. *Air Conditioning v. Harrison-Wilson-Pearson,* 151 Tex. 635, 253 S.W.2d 422, 425 (1952). The crucial question to be determined, therefore, is whether material fact issues existed when the court entered judgment against VanZandt. Having reviewed the evidence under the appropriate standard, we hold that material fact questions existed concerning the location of the boundary line on the ground and whether the boundary had been established by an agreement of the parties.

As previously noted, Appellees moved to dismiss VanZandt's suit because he had failed to show title to the disputed property. The court purported to grant this motion. After judgment was entered, the court filed conclusions of law, which included the following:

I. [VanZandt] did not comply with the Texas Rules of Civil Procedure in connection with the furnishing of an abstract in writing, and [VanZandt] has shown no title to the property in dispute.

II. [VanZandt] has failed to establish a cause of action against [Appellees] upon which [VanZandt] could recover a judgment against [Appellees].

The court thus apparently entered judgment against VanZandt because he had not proven title as required in a formal trespass to try title proceeding. Although VanZandt's pleadings are cast in the form of a trespass to try title claim, the crux of the parties' disagreement is over the location of a boundary line between their properties. The test to determine whether a

trespass to try title suit is really a boundary dispute is: if there would have been no case but for the question of boundary, then the case is necessarily a boundary suit even though it might involve questions of title. *Plumb v. Stuessy*, 617 S.W.2d at 669. VanZandt's suit meets this test. Because this case is one of boundary, VanZandt was not required to establish a superior title to the disputed property in the manner required by a formal trespass to try title action. *See id.* at 669.

In any event, VanZandt was the common source of title because Appellees claimed title to the disputed property through a deed from VanZandt. *Jones v. Parker*, 193 S.W.2d 863, 865 (Tex.Civ.App. —Texarkana 1946, writ ref'd n.r.e.). VanZandt's deed to Roger McKelvy, Appellees' predecessor in title, was introduced into evidence, and VanZandt was therefore not required to introduce his deed into evidence to prove that he was the common source of title. *See id.* Furthermore, VanZandt's failure to timely file an abstract of title under Rule 792 was nothing more than a technical, harmless error. *See McCraw v. City of Dallas*, 420 S.W.2d 793 (Tex.Civ. App.—Dallas 1967, writ ref'd n.r.e.).

Because material fact issues existed when the judgment was entered, point one is sustained, the judgment is reversed, and the cause is remanded for a new trial. We do not reach VanZandt's remaining point of error.