Opinion issued November 22, 2006




     










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01026-CV




TAMMY RENEE WHITWORTH, Appellant

V.

DOUGLAS WAYNE WHITWORTH, Appellee




On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2000-64428




O P I N I O N

          Appellant, Tammy Renee Whitworth, challenges the trial court’s final decree
of divorce that named intervenor, Carol Whitworth, sole managing conservator of
Tammy’s minor child, K.C. In two issues on appeal, Tammy argues that the trial
court erred (1) in failing to name her as joint managing conservator and (2) in giving
her less than a standard possession order. 
          We reverse and remand the cause.
Background
          Tammy and Douglas married in August 2000, but separated in September or
October 2000. Douglas filed an original petition for divorce on December 20, 2000.
A second original petition for divorce was filed by Tammy on December 23, 2000.
On April 20, 2001, the trial court signed an order of consolidation. Tammy and
Douglas’s only child, K.C., was born on June 13, 2001.


 The parties reconciled off
and on, separating for the final time on January 2002. By order entered November
30, 2001, Tammy was given custody of K.C. and Douglas was given two hours a day
visitation five days a week and ordered to pay $500 a month to Tammy as temporary
spousal support. On February 22, 2002, Tammy filed a motion for enforcement of
temporary spousal support. 
          On October 18 and 21, 2002, the trial court heard the parties’ application for
temporary custody orders pending the divorce. Although we have no transcript of the
hearing, testimony from the divorce hearing indicates that the court heard testimony
that Tammy had repeatedly denied Douglas access to K.C. and that Tammy alleged
that Douglas had sexually abused A.C. and she feared his unsupervised visitation
with K.C. The testimony further indicated that, during the course of the hearing on
October 18, the associate judge ordered Tammy to have her mother, Gayle Cash,
bring K.C. to the court and warned her numerous times that she would be held in
contempt if she did not, but Tammy did not have her brought. The trial court also
ordered Tammy to have her mother bring K.C. to court for the October 21
continuation of the hearing. The docket sheets reflect that, at the end of the October
18 hearing, the trial court found Tammy in contempt and sentenced her to 10 days in
jail for “continuous parental alienation against father through repeated
visitation/access denials and behavior in court.”



          The same day, October 18, Carol Whitworth, Douglas’s mother, filed an
original petition for intervention, relying on section 102.004(a)(1) of the Texas
Family Code, which grants grandparents standing to seek managing conservatorship
of a child when the child’s environment “presents a serious question concerning the
child’s physical health or well-being” or both parents consent. See Act of April 20,
1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 125, amended by Act
of June 18, 1999, 76th Leg., R.S., ch. 1048, § 2, 1999 Tex. Gen. Laws 3877, 3878
(current version at Tex. Fam. Code Ann. § 102.004(a)(1) (Vernon Supp. 2006))
(“Tex. Fam. Code Ann. 102.004”). Carol requested that K.C. be placed in her care
on “a temporary and/or permanent basis.” She stated no facts or substantive grounds
for intervention in her petition. 
          Tammy stayed in jail for the weekend and appeared in court for the
continuation of the hearing on October 21. At the end of the hearing, the associate
judge entered an order appointing Carol, the non-parent intervenor, as temporary sole
managing conservator of K.C. and Tammy and Douglas as temporary possessory
conservators with only supervised rights of possession for four hours every other
week through the SAFE Supervised Visitation Program (“SAFE”).


 The October 21
docket sheet stated that Tammy and her mother, Gayle Cash, had “exercised
continuous parental alienation against father through repeated visitation/access
denials and behavior in court during this hearing” and that supervised visitation was
ordered because of the seriousness of the allegations against Douglas and the fact that
the court deemed Tammy a “flight risk with child as demonstrated by her behavior
to court since 10/18/02.” The court ordered psychological evaluations of Tammy, 
Douglas, and Carol by Dr. Edward Silverman. Both Tammy and Douglas were
ordered to pay Carol child support for K.C. and to ensure the maintenance of health
insurance for K.C. The court also enjoined Tammy from telephoning Carol and from
going within 50 feet of Carol’s residence. The court further enjoined Carol from
taking K.C. on the Coushatta Indian Reservation


 and from removing her residence
from Harris County. The court also appointed a guardian ad litem for K.C., ordered
Tammy and Douglas to share the ad litem’s fees, and ordered Douglas to pay spousal
support to Tammy. 
          On February 13, 2003, the trial court ordered that the injunction issued on
October 31, 2002, preventing Carol from taking K.C. to the Coushatta Indian
Reservation, be removed. The court also ordered that Tammy and Douglas were
enjoined from taking photos of K.C. while she was at SAFE. 
          Starting on April 13, 2004, the trial court heard evidence to determine custody
of K.C. At the time of trial, Douglas was not seeking primary custody of the child.


 
The trial court entered a final decree of divorce on May 17, 2004, declaring that
neither Tammy nor Douglas could be the managing conservator of K.C. because it
“would not be in the best interest of the child because such appointment would
significantly impair the child’s physical health or emotional development.” 
          The decree ordered that Carol, the non-parent intervenor, be appointed as the
sole managing conservator of K.C. The court found that a standard possession order
for either Tammy or Douglas was inappropriate and not in the best interest of K.C. 
It ordered that Tammy continue to have only supervised visitation for four hours
every other Saturday and that Douglas have supervised visitation to be determined by
his mother, Carol. The court entered no findings of fact or conclusions of law. On
June 14, 2004, Tammy filed a motion for new trial, which the trial court denied.


 
Tammy appeals from the trial court’s custody determination in the divorce decree.
Standing
          Tammy complains in her first issue that the trial court erred in failing to name
her a joint managing conservator of K.C. in violation of the Due Process Clause of
the United States Constitution and of section 153.131 of the Family Code, which
establishes the presumption that a parent is to be appointed managing conservator of
a child. See Tex. Fam. Code Ann. §§ 153.131 (Vernon 2002). Sole managing
conservatorship of K.C. was, instead, awarded to K.C.’s paternal grandmother, Carol,
who intervened in Tammy and Carol’s son Douglas’s divorce proceedings to seek
managing conservatorship of K.C. pursuant to section 102.004(a)(1) of the Texas
Family Code, entitled “Standing for Grandparent.” Section 102.004 provides
          (a)     In addition to the general standing to file suit provided by Section
102.003(13),


 a grandparent may file an original suit requesting
managing conservatorship if there is satisfactory proof to the
court that:
 
                    (1)     the order requested is necessary because the child’s present
environment presents a serious question concerning the
child’s physical health or welfare; or
 
                    (2)     both parents, the surviving parent, or the managing
conservator or custodian either filed the petition or
consented to the suit.

Tex. Fam. Code Ann. § 102.004(a)(1). 
          These statutory standing requirements raise a threshold issue of whether Carol
had standing to intervene in Tammy and Douglas’s divorce to seek managing
conservatorship of K.C.
          The parties did not raise standing in their initial set of briefs, but we may
address it sua sponte.


 See Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 851
(Tex. 2000); Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993). Standing is implicit in the concept of subject matter jurisdiction. Waco Indep.
Sch. Dist, 22 S.W.3d at 443; Doncer v. Dickerson, 81 S.W.3d 349, 353 (Tex.
App.—El Paso 2002, no pet.). Subject matter jurisdiction is essential to the authority
of a court to decide a case. Texas Ass’n of Bus., 852 S.W.2d at 443. Standing, as a
necessary component of a court’s subject matter jurisdiction, is a constitutional
prerequisite to maintaining suit. Id. at 444; In re C.M.C. & J.T.C., 192 S.W.3d 866,
869 (Tex. App.—Texarkana 2006) (orig. proceeding). The standing requirement
stems from two limitations on subject matter jurisdiction: the separation of powers
doctrine and, in Texas, the open courts provision. Texas Ass’n of Bus., 852 S.W.2d
at 443. Subject matter jurisdiction is never presumed and cannot be waived. Id. at
443–44. If a party lacks standing, a court lacks subject matter jurisdiction to hear the
case. Id. at 444; In re C.M.C., 192 S.W.3d at 869. 
          Standing presents a question of law which we review de novo. See Hairgrove
v. City of Pasadena, 80 S.W.3d 703, 705 (Tex. App.—Houston [1st Dist.] 2002, pet.
denied); Brunson v. Woolsey, 63 S.W.3d 583, 587 (Tex. App.—Fort Worth 2001, no
pet.). In accordance with Texas Association of Business v. Texas Air Control Board,
“[w]hen a Texas appellate court reviews the standing of a party sua sponte, it must
construe the petition in favor of the party, and if necessary, review the entire record
to determine if any evidence supports standing.” Texas Ass’n of Bus., 852 S.W.2d at
446. When a party lacks standing the appropriate disposition is dismissal. In re
C.M.C., 192 S.W.3d at 870. Dismissal for lack of subject matter jurisdiction does not
decide the merits of the case. Id.
          The Family Code provides that a suit requesting managing conservatorship may
be filed under section 102.004(a) of the Code by a grandparent as necessary when the
child’s present environment presents a serious question concerning the child’s
physical health or welfare. Tex. Fam. Code Ann. § 102.004(a); In re R.D.Y., 51
S.W.3d 314, 324–25 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). The burden
of proof on the issue of standing to initiate the suit is imposed upon Carol. See In re
Pringle, 862 S.W.2d 722, 725 (Tex. App.—Tyler 1993, no writ) (stating that burden
of proof to initiate suit is imposed upon grandparent petitioners).
          When, as here, a suit seeking managing conservatorship of a child is filed by
a grandparent under section 102.004(a) of the Family Code, the court must make a
threshold finding of serious and immediate concern for the welfare of the child based
upon a preponderance of the evidence before the grandparent will have the right to
sue for custody. In re R.D.Y., 51 S.W.3d at 325. “A child must be in imminent
danger of physical or emotional harm for there to be a serious question concerning
the child’s physical health or welfare.” Id.; see also McElreath v. Stewart, 545
S.W.2d 955, 958 (Tex. 1977); In re Pringle, 862 S.W.2d at 724–25 (“The Supreme
Court has held that the elements of seriousness and immediacy as drafted in the
statute require that the child be in imminent danger of physical or emotional harm and
that immediate action is necessary to protect it.”). The statute contemplates “a
situation where the child [is] in imminent danger of physical or emotional harm and
immediate action [is] necessary to protect the child.” Forbes v. Wettman, 598 S.W.2d
231, 232 (Tex. 1980); McElreath, 545 S.W.2d at 958; In re M. Lau, 89 S.W.3d 757,
759 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (stating that, before trial court
renders temporary order, there must be “imminent danger of physical or emotional
harm that requires immediate action to protect the child”).
          Here, Carol did not allege any facts to support her intervention to seek
managing conservatorship of K.C. pursuant to section 102.004(a).


 Nor did the trial
court make any findings that K.C. was in imminent danger of physical or emotional
harm from her mother. See R.D.Y., 51 S.W.3d at 325. Nor is there a scintilla of
evidence in the record that K.C. was in imminent danger of physical or emotional
harm from Tammy on October 18, 2002, when Carol filed her petition in intervention,
or three days later, on October 21, 2002, when the court removed Tammy as
managing conservator of K.C. and named Carol temporary managing conservator. 
Rather, the record reflects that Tammy had made serious allegations about her fears
for K.C.’s physical and emotional harm in Douglas’s care as justification for her
failure to turn K.C. over to Douglas and his mother for unsupervised visitation. We
conclude that the court failed to make the requisite threshold factual findings that
K.C. was in imminent danger of physical or emotional harm in Tammy’s care and that
immediate action was necessary to protect her from Tammy, and that there is no
evidence to support such factual findings, without which Carol’s right to sue for
custody could not be established. See R.D.Y., 51 S.W.3d at 325.
          Section 153.131 of the Family Code provides that, unless the court finds that
appointment of the parent or parents would not be in the best interest of the child
because it would “significantly impair the child’s physical health or emotional
development, a parent shall be appointed sole managing conservator or both parents
shall be appointed as joint managing conservators.” Tex. Fam. Code Ann. §
153.131(a).


 For the court to award managing conservatorship to a non-parent under
section 153.131, “the non-parent must affirmatively prove by a preponderance of the
evidence that appointment of the parent as managing conservator would significantly
impair the child physically or emotionally.” Lewelling v. Lewelling, 796 S.W.2d 164,
167 (Tex. 1990). It is wholly inadequate simply to present evidence that a non-parent
would be a better choice as custodian of the child. Id. The non-parent must offer
evidence of specific acts or omissions of the parent that demonstrate an award of
custody to the parent would result in physical or emotional harm to the child. Id.; see
also In the Interest of M.W., 959 S.W.2d 661, 665 (Tex. App.—Tyler 1997, no writ);
Brook v. Brook, 881 S.W.2d 297, 298 (Tex. 1994). There must be evidence to
support the logical inference that some specific, identifiable behavior or conduct of
the parent will probably cause that harm. M.W., 959 S.W.2d at 665. This link
between the parent’s conduct and harm to the child may not be based on evidence
which merely raises a surmise or speculation of possible harm. Id. 
          Prior cases have indicated certain acts or omissions that demonstrate significant
impairment of the child, such as physical abuse, severe neglect, abandonment, drug
or alcohol abuse, or immoral behavior on the part of the parent. Id. at 666; Thomas
v. Thomas, 852 S.W.2d 31, 35–36 (Tex. App.—Waco 1993, no writ); See Lewelling,
796 S.W.2d at 167–168 (holding that evidence that parent is victim of spousal abuse
and that parent is unemployed, living in crowded conditions, and had multiple visits
to mental hospital is no evidence that awarding custody to parent would significantly
impair child); In the Interest of Hidalgo, 938 S.W.2d 492, 497 (Tex.
App.—Texarkana 1996, no pet.) (holding that mother effectively abandoned child). 
          Here, the record contains no evidence of specific, identifiable behavior on
Tammy’s part that would result in significant impairment of K.C.’s physical health
or emotional development at the time the court removed her as managing conservator
and appointed Carol.
          We hold that Carol failed to establish standing to seek managing
conservatorship of K.C. and that the trial court abused its discretion in awarding her
temporary managing conservatorship of K.C. and bootstrapping its award of
permanent managing conservatorship on its improper award of temporary managing
conservatorship to a non-parent pursuant to a suit for custody over which it lacked
subject matter jurisdiction. 
          Conclusion
          We reverse the judgment of the trial court and remand the cause to the trial
court for further proceedings consistent with this opinion.
 
 


                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.