TOM GRAY, Chief Justice
The Tinkers, who are the sole managing conservators of A.K. and N.K., have filed a petition for a writ of mandamus asking this Court to order the trial court in Brazos County to withdraw its order denying their motion to strike an intervention due to lack of standing of Julia and Roberto V., paternal grandparents of the children, and to order the trial court in Burleson County to withdraw its order transferring this proceeding to Brazos County. Because we find that Julia and Roberto do not have standing in this proceeding, we conditionally grant the petition for writ of mandamus.
PROCEDURAL BACKGROUND
The children were placed with the Tinkers, the maternal great-aunt and uncle of the children, by the Department of Family and Protective Services and the Tinkers were named the sole managing conservators of the children in a final order entered in 2010. That order named the children's parents, Mary and Mario, as possessory conservators. Mario was granted supervised visitation with the children. On September 26, 2014, the Tinkers filed *750 a petition to terminate the parent-child relationship between the children and their parents. Mary executed an affidavit of relinquishment of her parental rights, which was later withdrawn during the pendency of the proceedings.
On November 6, 2014, Julia and Roberto filed a petition in intervention seeking possession and access to the children and also filed a motion to transfer venue from Burleson County to Brazos County with an affidavit signed by Julia alleging that the children were residing in Brazos County. Julia and Roberto served the Tinkers through their attorney. However, an affidavit contesting the motion to transfer was not filed until February 5, 2015, which was untimely pursuant to the Family Code. See TEX. FAM. CODE ANN . § 155.204(d) (controverting affidavit must be filed on or before the first Monday after the 20th day after the date of notice of a motion to transfer is served). The trial court in Burleson County entered an order transferring the proceedings to Brazos County on February 23, 2015.
The Tinkers first filed a plea to the jurisdiction in Burleson County on February 15, 2015, and later filed a motion to strike the intervention on December 1, 2016 in Brazos County. The trial court in Brazos County conducted a temporary hearing on December 8, 2016 which included the hearing on the motion to strike the intervention. The trial court denied the motion and determined that Julia and Roberto had standing to intervene as grandparents of the children. The Tinkers filed this petition asking this Court to order the trial court withdraw its order finding that Julia and Roberto had standing to intervene. The Tinkers further seek an order requiring that the proceeding be transferred back to Burleson County because the transfer of venue was improperly ordered due to the lack of standing.
MANDAMUS UNDER THE FAMILY CODE
To be entitled to the extraordinary relief of a writ of mandamus, the Tinkers must show that the trial court abused its discretion and there is no adequate remedy by appeal. In re Laibe Corp. , 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. In re Columbia Med. Ctr. of Las Colinas , 306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding) (per curiam); In re Cerberus Capital Mgmt., L.P. , 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. In re BP Prods. N. Am., Inc. , 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).
STANDING
In their second issue, the Tinkers complain that the trial court erred by denying their motion to strike the intervention filed by Julia and Roberto. It is fundamental that a party seeking conservatorship of a child must have standing to seek such relief. See In re M.J.G. , 248 S.W.3d 753, 757 (Tex. App.-Fort Worth 2008, no pet.) ; In re S.S.J.-J. , 153 S.W.3d 132, 134 (Tex. App.-San Antonio 2004, no pet.). Standing is implicit in the concept of subject matter jurisdiction. Texas Association of Business v. Texas Air Control Board , 852 S.W.2d 440, 443 (Tex. 1993). A party's lack of standing deprives the trial court of subject matter jurisdiction and renders subsequent trial court action void. Texas Ass'n of Bus. , 852 S.W.2d at 443 ; In re Smith , 260 S.W.3d 568, 572 (Tex. App.-Houston [14th Dist.] 2008, orig. proceeding).
*751 Section 102.004 of the Texas Family Code addresses standing of grandparents and other relatives to either file an original suit requesting managing conservatorship or to intervene in a pending suit. TEX. FAM. CODE ANN . § 102.004 (West 2014). The trial court in Brazos County determined that Roberto and Julia had standing to intervene pursuant to Section 102.004(b), which provides as follows:
(b) An original suit requesting possessory conservatorship may not be filed by a grandparent or other person. However, the court may grant a grandparent or other person deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this subchapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.
TEX. FAM. CODE ANN . § 102.004(b). This section provides a relaxed standing rule through which an individual without standing to file an original suit for managing conservatorship may nonetheless intervene in a pending suit. In re N.L.D. , 412 S.W.3d 810, 815 (Tex. App.-Texarkana 2013, no pet.). Julia and Roberto were required to establish standing under Section 102.004(b) by a preponderance of the evidence. In re R.D.Y. , 51 S.W.3d 314, 325 (Tex. App.-Houston [1st Dist.] 2001, pet. denied) (when a party is statutorily required to establish standing with "satisfactory proof," the applicable evidentiary standard is by a preponderance of the evidence.).
We review the trial court's determination of a party's standing to file a suit affecting the parent-child relationship by construing the pleadings in favor of the petitioner and looking to the pleader's intent. See In re S.S.J.-J. , 153 S.W.3d at 134 (citing Tex. Ass'n of Bus. , 852 S.W.2d at 446 ). A party seeking relief in such suits must plead and establish standing within the parameters of the language used in the Code. See In re H.G. , 267 S.W.3d 120, 124 (Tex. App.-San Antonio 2008, pet. denied) ; see also TEX. FAM. CODE ANN . §§ 102.003 -.007 (West 2014). If a party fails to do so, the trial court must dismiss the suit. See In re C.M.C. , 192 S.W.3d 866, 870 (Tex. App.-Texarkana 2006, no pet.). Because standing is implicit in the concept of subject matter jurisdiction, it is never presumed and cannot be conferred by waiver or estoppel. Tex. Ass'n of Bus. , 852 S.W.2d at 445-46 ; In re H.G. , 267 S.W.3d at 124. We review de novo the issue about standing. Tex. Ass'n of Bus. , 852 S.W.2d at 445.
In order for Julia and Roberto to have the right to intervene in this proceeding, one requirement pursuant to Section 102.004(b) was to show that they "had substantial past contact" with the children. TEX. FAM. CODE ANN . § 102.004(b). What constitutes "substantial past contact" is not statutorily defined, and our search of case law has not revealed any formal definition. In re C.M.C. , 192 S.W.3d at 871. The language of the controlling statute indicates, however, that our inquiry should focus on the amount of actual contact which occurred rather than any difficulties encountered in maintaining contact. Id.
The affidavit filed in support of the petition in intervention mentions one time when Julia saw one of the children briefly in September of 2013 when she was a substitute teacher at the child's school, which was more than one year prior to the filing of the petition in intervention. There is discussion of difficulties in attempts to see the children, but no other actual contact with the children subsequent to the order granting the Tinkers managing conservatorship *752 over the children in 2010. As to Roberto, there is no mention of any contact having ever taken place between him and the children in the affidavit.
The evidence presented by Julia at the temporary hearing relating to past contact with the children was that neither she nor Roberto had visited with the children since the entry of the order in 2010. In a three week period beginning in August of 2014, Julia sent three letters asking for a visit to Mr. Tinker through the Parks and Recreation Department at the City of College Station where Julia believed Mr. Tinker was employed, which were signed for by a third party. There was no response to the letters. The only other contact between Julia and the Tinkers and the boys had taken place "a few years" before the temporary hearing at a Walmart where Julia saw the boys but did not have contact with them due to an altercation between her and Mrs. Tinker where the police were called. There was no other evidence of attempts by Julia or Roberto to contact the children between 2010 and the letters sent in 2014.
Mario, the father of the children and the son of Julia and Roberto, was granted supervised visitation with the children when the Tinkers were named managing conservators of the children in 2010. His last visitation with the children was in August of 2011, but neither Julia nor Roberto attended any of the visitations with him after the order was entered in 2010. Mario went to prison in August of 2012 and was released on parole in March of 2016.
"Substantial" is defined generally as "of ample or considerable amount, quantity, size, etc." RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 1897 (2nd ed. 1987); see In re C.M.C. , 192 S.W.3d at 872. Even accepting Julia and Roberto's testimony regarding contact with the children as true, the evidence does not raise a fact issue on substantial past contact. Texas cases in which substantial past contact has been found have involved substantially more contact than the contact in this case. See, e.g., Chavez v. Chavez , 148 S.W.3d 449, 456 (Tex. App.-El Paso 2004, no pet.) (standing to intervene when children had resided with grandparents for over a year); In the Interest of A.M. , 60 S.W.3d 166, 168 (Tex. App.-Houston [1st Dist.] 2001, no pet.) (standing when seventeen-month-old child had resided with foster parents for fourteen months); In the Interest of M.T. & K.T. , 21 S.W.3d 925, 926 (Tex. App.-Beaumont 2000, no pet.) (standing to intervene when children had resided with foster parents for fourteen months); In re Hidalgo , 938 S.W.2d 492, 495-96 (Tex. App.-Texarkana 1996, no writ) (step-grandmother had standing to file petition for managing conservator when she and child had been close since child's birth and child had resided with step-grandmother); Hirczy v. Hirczy , 838 S.W.2d 783, 786 (Tex. App.-Corpus Christi 1992, writ denied) (ex-husband of child's mother had standing when he had resided with child for three years in father role); Rodarte v. Cox , 828 S.W.2d 65, 69-70 (Tex. App.-Tyler 1991, writ denied) (foster parents had standing to intervene when child had resided with them for over two years). Even when the evidence is viewed in a light most favorable to Julia and Roberto, the evidence shows as a matter of law that they did not have substantial past contact with the children. See In re C.M.C. , 192 S.W.3d at 872. Therefore, Roberto and Julia lacked standing to intervene in the proceeding that was pending in Burleson County that was transferred to Brazos County. We sustain the Tinkers' second issue.
ADEQUATE REMEDY BY APPEAL
Julia and Roberto argue that the Tinkers have an adequate remedy by direct *753 appeal at the conclusion of these proceedings. However, the Texas Supreme Court has held that mandamus review is appropriate when the trial court's jurisdiction is challenged in a proceeding involving child custody issues. See Geary v. Peavy , 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding); see also In re Green , 352 S.W.3d 772, 774 (Tex. App.-San Antonio 2011, orig. proceeding). This is due to the unique and compelling circumstances presented when the trial court decides issues pertaining to child custody. See Geary , 878 S.W.2d at 603 ; see also In re Derzapf , 219 S.W.3d 327, 334 (Tex. 2007) (orig. proceeding) (exceptional circumstances presented by challenge to temporary orders in suit for access to children support availability of mandamus review). Many other appellate courts have also reached the same result. See In re Martin , 523 S.W.3d 165, 169 (Tex. App.-Dallas 2017, no pet. h.) ; In re McDaniel , 408 S.W.3d 389, 396 (Tex. App.-Houston [1st Dist.] 2011, orig. proceeding) (mandamus relief is an appropriate remedy in a challenge to an order denying a motion to dismiss for lack of standing in a SAPCR case) (citing In re Roxsane R. , 249 S.W.3d 764, 775 (Tex. App.-Fort Worth 2008, orig. proceeding) ); In re Shifflet , 462 S.W.3d 528, 541-42 (Tex. App-Houston [1st Dist.] 2015, orig. proceeding) (no adequate remedy on appeal and mandamus proceeding appropriate to seek relief from order granting motion to dismiss intervention in SAPCR case for lack of standing); In re Sandoval , No. 04-15-00244-CV, 2016 Tex. App. LEXIS 754, 2016 WL 353010, at *2 (Tex. App.-San Antonio Jan. 27, 2016, orig. proceeding) (mem. op.) (mandamus review appropriate when trial court's jurisdiction is challenged in a proceeding involving child custody issues). Because eventual review of the jurisdictional question on appeal from a final judgment would be inadequate in this instance, mandamus review is therefore appropriate. See Derzapf , 219 S.W.3d at 335.
LACHES
Julia and Roberto argue that this Court should not grant relief based on the delay in the filing of this petition. However, because standing is an issue that may be raised for the first time even as late as in a direct appeal, we do not find that laches is an appropriate remedy under the facts as presented in this proceeding.
VENUE
In their first issue, the Tinkers complain that the trial court in Burleson County erred by transferring the proceedings to Brazos County because Julia and Roberto did not have leave of the court to intervene in the proceedings. Because we have found that Julia and Roberto did not have standing to intervene in the proceedings and the intervention should be dismissed, there remains a quandary as to what should happen regarding the transfer.
The transfer took place according to the strictures set forth in Section 155.204 of the Family Code. When a controverting affidavit was not timely filed by the Tinkers, the trial court was required by the statute to transfer the proceeding without a hearing. TEX. FAM. CODE ANN . § 155.204(c). However, because we have found that Julia and Roberto did not have standing to intervene in the first place, the parties should be returned to the position they were in prior to the filing of the petition in intervention. In order to accomplish this, we find that the proceeding should be transferred back to Burleson County. We find that the best way to accomplish this logistically is to direct the Respondent Hon. Steve Smith to order the proceeding transferred back to Burleson County.
*754 CONCLUSION
We hold that the Tinkers are entitled to mandamus relief. We therefore conditionally grant the Tinkers' petition for writ of mandamus and direct Respondent Hon. Steve Smith to set aside his February 14, 2017 order denying the Tinkers' motion to strike intervention, to grant the Tinkers' motion to strike the intervention, and to dismiss the petition in intervention for want of jurisdiction within fourteen days of the issuance of this opinion. See TEX. R. APP. P. 52.8(c) ; In re Kelso , 266 S.W.3d 586, 591 (Tex. App.-Fort Worth 2008, orig. proceeding) ; In re R.B. , No. 02-16-00387-CV, 2016 Tex. App. LEXIS 12368, 2016 WL 6803200, at *6 (Tex. App.-Fort Worth Nov. 17, 2016, orig. proceeding) (mem. op.). We further direct the Respondent Hon. Steve Smith to order the proceeding to be transferred back to Burleson County within the same fourteen days of the issuance of this opinion. We are confident that Respondent will promptly comply; the writ will issue only if Respondent does not.
(Justice Scoggins concurs in part and dissents in part with a note)*
(Justice Scoggins concurs in part and dissents in part with a note)*
Opinion delivered and filed December 13, 2017
[CV06]
* "(Justice Scoggins concurs with the portion of the Court's judgment that determines that Roberto and Julia lacked standing to intervene in this case. However, he dissents from the portion of the Court's judgment that directs Judge Smith to order the proceeding transferred back to Burleson County. A separate opinion will not issue.
"[T]ransfer procedures under the Texas Family Code are the exclusive mechanism for transferring suits affecting the parent-child relationship and were designed to supplant the regular venue rules." In re Nabors , 276 S.W.3d 190, 194 (Tex. App.-Houston [14th Dist.] 2009, orig. proceeding) (emphasis in original). Indeed, section 155.204 of the Family Code outlines the procedure for transfer. See TEX. FAM. CODE ANN . § 155.204 (West Supp. 2017). Subsection (c), in particular, provides that:
If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court.
Id. § 155.204(c). A controverting affidavit denying that grounds for the transfer exist must be filed "[o]n or before the first Monday after the 20th day after the date of notice of a motion to transfer is served." Id. § 155.204(d).
Here, as noted by the majority, the Tinkers filed a petition to terminate the parent-child relationship between the children and their parents. Additionally, it is undisputed that Roberto and Julia filed a motion to transfer venue in Burleson County on November 6, 2014, and that the Tinkers did not timely file their controverting affidavit. See id. Because the Tinkers did not timely file their controverting affidavit, Judge Corbett had a mandatory duty to transfer the petition to terminate the parent-child relationship and the corresponding petition to intervene to Brazos County. See id. § 155.204(c); In re Aguilera , 37 S.W.3d 43, 47 (Tex. App.-El Paso 2000, orig. proceeding) (noting that if a motion to transfer venue is timely filed and no controverting affidavit is filed within the time prescribed, the judge has a mandatory duty to transfer the case promptly without a hearing); see also *755 In re Alvarez , No. 05-16-00753-CV, 2016 WL 4275032, at *3, 2016 Tex. App. LEXIS 8826, at *7 (Tex. App.-Dallas Aug. 15, 2016, orig. proceeding) (mem. op.) ("Once father failed to timely-file a controverting affidavit, the trial court had a mandatory, ministerial duty to immediately transfer the case to Collin County.") (internal citations omitted).
Without citing any authority, the majority orders Judge Smith to transfer the entire proceeding back to Burleson County after concluding that Roberto and Julia lacked standing to intervene. However, the conclusion that Roberto and Julia lacked standing has no effect on the pending petition to terminate the parent-child relationship that is pending in the court of continuing jurisdiction-the 361st Judicial District Court of Brazos County. Accordingly, until further action is taken in the court of continuing jurisdiction under chapter 155 of the Family Code, this proceeding should remain in Brazos County. Because the majority concludes otherwise, Judge Scoggins respectfully dissents, in part.)"