

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00241-CV

**IN RE** Joe Anthony **ESPINOZA**

Original Mandamus Proceeding[1]

Opinion by: Patricia O. Alvarez, Justice
Dissenting without opinion: Sandee Bryan Marion, Chief Justice

Sitting: Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: August 5, 2020

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator is the father of the minor child J.A.E. and the real party in interest ("Meiji") is the child's maternal grandmother. Meiji filed an original suit to terminate parental rights, for adoption of J.A.E., and, alternatively, to be appointed managing conservator. Relator filed a motion to dismiss for lack of jurisdiction. After the trial court denied relator's motion to dismiss, relator filed a petition for writ of mandamus to which Meiji responded.

### BACKGROUND

On June 4, 2018, Meiji filed, in Williamson County, a petition to terminate the parental rights of both relator and J.A.E.'s mother, and to adopt J.A.E. In the petition, Meiji stated she

---

[1] This proceeding arises out of Cause No. 1915-C, styled *In the Interest of J.A.E., Jr., a Child*, pending in the County Court at Law, Kerr County, Texas. The Honorable Susan F. Harris signed the order at issue in this proceeding.

anticipated the child's mother would sign an affidavit of voluntary relinquishment. On October 25, 2018, the biological mother signed an affidavit of voluntary relinquishment of parental rights.

On January 3, 2019, the Williamson County court granted Meiji's uncontested motion to transfer the case to Kerr County. On February 19, 2019, relator filed, in Kerr County, a motion to dismiss for lack of jurisdiction. On March 12, 2019, Meiji filed an amended petition to terminate the parental rights of both relator and J.A.E.'s mother, and to adopt J.A.E. However, as grounds for termination, Meiji only pointed to the child's mother's voluntary relinquishment. She did not state any grounds for terminating relator's parental rights. Meiji also sought to adopt the child (based on the mother's relinquishment) or, in the alternative, primary custody of the child.

During a March 25, 2019 hearing, the trial court considered both relator's motion to dismiss for lack of standing and Meiji's motion to dismiss relator's motion as moot based on her amended petition. The trial court orally denied both motions. Without hearing any evidence regarding standing, the trial court denied relator's motion to dismiss and ruled Meiji had standing to file a conservatorship, but not to file for adoption. The trial court then heard testimony from relator, Meiji, and Dr. William Flynn on the issue of significant impairment because the court believed it had the discretion to appoint an adoption evaluation and amicus attorney. At the close of evidence, the trial court ruled that an amicus attorney had to be appointed. Following the hearing, the trial court signed an order on January 17, 2020, denying relator's motion to dismiss.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Due to the unique and compelling circumstances presented in a SAPCR action, . . . mandamus relief is . . . an appropriate remedy for an order denying a motion to dismiss for lack of standing in a SAPCR action." *In re Martin*, 523 S.W.3d

165, 169 (Tex. App.—Dallas 2017, orig. proceeding); *see In re Herring*, 221 S.W.3d 729, 730 (Tex. App.—San Antonio 2007, orig. proceeding) ("Because temporary orders in suits affecting the parent-child relationship are not appealable, a petition for a writ of mandamus is an appropriate means to challenge them.").

### DISCUSSION

Although relator alleges Meiji sought standing under Family Code sections 102.003(9) and 102.004(a)(1), her original petition does not make any allegations under section 102.003(9), nor does she argue in her response to the petition for writ of mandamus that she has standing under that section. Instead, in her original petition, Meiji made various allegations that appear to raise standing under section 102.004(a)(1), which provides as follows:

> (a) In addition to the general standing to file suit provided by Section 102.003, a grandparent, or another relative of the child related within the third degree by consanguinity, may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that:
>
> (1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development
> . . . .

TEX. FAM. CODE § 102.004(a)(1).

To establish her standing under section 102.004, Meiji had the burden to provide "satisfactory proof" that J.A.E.'s "present circumstances would significantly impair" his "physical health or emotional development." *Id.* "Section 102.004(a) is an unusual provision because, in it, the Texas Legislature confers standing on certain parties based on the existence of proof rather than the existence of facts." *See In re K.D.H.*, 426 S.W.3d 879, 885 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Rolle v. Hardy*, 527 S.W.3d 405, 416 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (same).

The trial court ruled Meiji had standing to file a conservatorship; however, it did so before hearing any evidence. Only after some discussion about whether the court had discretion to order an adoption evaluation, did the court hear testimony from relator, Meiji, and Dr. Flynn. The trial court stated the parties could put on evidence of significant impairment while everyone was present and it would "consider it." On this record, we must conclude the trial court did not consider any evidence before ruling Meiji had standing. Therefore, the trial court could not have determined whether Meiji satisfied her burden to provide "sufficient proof" of significant impairment. A party seeking relief in a SAPCR must allege and establish standing within the parameters of the language used in the relevant statute. *See In re Tinker*, 549 S.W.3d 747, 751 (Tex. App.—Waco 2017, orig. proceeding). "If a party fails to do so, the trial court must dismiss the suit." *Id.*

Nor did the court determine, after hearing the evidence, whether there existed a fact issue to be determined by the trier of fact. When, as here, standing requires the examination of evidence, the trial court is to review the relevant evidence to determine if a fact issue exists. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *K.D.H.*, 426 S.W.3d at 887. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the motion to dismiss, and the fact issue will be resolved by the fact finder (in this case, Meiji requested a jury trial). *See Miranda*, 133 S.W.3d at 227-28; *K.D.H.*, 426 S.W.3d at 887.

## CONCLUSION

We conclude the trial court abused its discretion by not first considering any evidence before ruling Meiji had standing, not determining whether Meiji satisfied her burden to provide "sufficient proof" of significant impairment, or determining whether there existed fact issues.[2] Therefore, we conditionally grant the petition for writ of mandamus and direct the trial court to

---

[2] Relator also asserts the Kerr County court does not have jurisdiction and he contends the case was never transferred to Kerr County. On January 3, 2019, the Williamson County court granted Meiji's uncontested motion to transfer the case to Kerr County. For this reason, we do not address the merits of relator's complaint.

vacate its January 17, 2020 "Order Denying Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction" no later than fifteen days from the date of this opinion.

Patricia O. Alvarez, Justice