

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-24-00277-CV**

**IN THE INTEREST OF I.P. AND R.P., CHILDREN[1]**

_____

**From the 82nd District Court**
**Falls County, Texas**
**Trial Court No. 41794**

**MEMORANDUM OPINION**

The father of I.P. appeals from a judgment that terminated his parental rights to

his child. The father complains that the trial court erred by allowing an intervention filed

by the maternal aunt and uncle of I.P. because they did not seek leave to intervene and

did not plead substantial past contact and facts to support past contact, the past contact

of the intervenors with I.P. did not constitute substantial past contact, and the evidence

was legally and factually insufficient to support the trial court's findings as to Section

161.001(b)(1)(D), (E), (H), (N), and (O) and best interest of the child. We affirm.

---

[1] The proceeding before the trial court and in this appeal has been styled "In the Interest of I.P. and R.P."
The father appealing herein is the father of I.P. but not R.P.

**INTERVENTION**

In his first issue, the father complains that the petition in intervention should not have been granted because the intervenors did not seek leave to intervene and therefore, lacked standing. In his second issue, the father complains that the intervenors failed to plead substantial past contact or any facts to support a finding of substantial past contact. The father did not file a written objection to the intervention, and orally objected in a hearing approximately two months before the trial. His oral objection was solely related to whether or not the intervenors had past substantial contact but did not refer to the failure to seek leave or any deficiencies in their pleadings.

**PRESERVATION OF ERROR**

A complaint that an intervenor failed to obtain leave can be waived and must be preserved by a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1); In re J.W.W., No. 09-23-00292-CV, 2024 Tex. App. LEXIS 1212 at *36, 2024 WL 630869 (Tex. App.—Beaumont Feb. 15, 2024, pet. denied). The record does not show that the father moved to strike the petition in intervention. The record likewise does not show that the father objected about the intervenors' failure to obtain leave to file the petition in intervention. *See id.* Because the father did not raise this complaint to the trial court, issue one is overruled.

Likewise, the father did not make any complaint to the trial court about any alleged pleading deficiencies relating to substantial past contact. The failure to object to

the lack of pleadings is also waived if no objection was made to the trial court; however, because the issue of standing may be raised for the first time on appeal, the father may still complain that there was insufficient evidence before the trial court to support the factual basis supporting the intervention, which we will address in the father's third issue. *See, generally, In re K.J.*, 676 S.W.3d 186, 191-92 (Tex. App.—Tyler 2023, no pet.); *In re Tinker*, 549 S.W.3d 747, 751-52 (Tex. App.—Waco 2017, no pet.) (orig. proceeding) (finding that the affidavits and testimony given were insufficient to establish that the intervenors had sufficient past contact to support standing.).[2] We overrule issue two.

## SUBSTANTIAL PAST CONTACT

In his third issue, the father complains that the intervenors did not have substantial past contact as required by Section 102.004(b) in order to be allowed to intervene. I.P. was born in July of 2021, and lived with her mother and the intervenors in the intervenors' home for approximately the first 20 months of her life. The mother and I.P. left the intervenors' home and were living in Texas when I.P. and R.P. were removed from the mother and this proceeding ensued in late October of 2023. The original petition in intervention was filed in late November of 2023 and amended in March of 2024. The father argues that because there had been an 8-month gap from the time that I.P. resided in the intervenors' home and the filing of the petition in intervention, there was

---

[2] It is undisputed that the amended petition in intervention filed by the intervenors did not contain any specific allegations as to substantial past contact in the original petition or the amended petition and no affidavit was attached to either pleading.

insufficient evidence of substantial past contact.

Under the Texas Family Code, a "court may grant [an] other person, . . . deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this chapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development." TEX. FAM. CODE. § 102.004(b).

When a party is statutorily required to establish standing with "satisfactory proof," the applicable evidentiary standard is by a preponderance of the evidence. *In re Tinker*, 549 S.W.3d 747, 751 (Tex. App.—Waco 2017, orig. proceeding). "The burden of proof is on the party asserting standing, and the petitioner must show that the facts establishing standing existed at the time the petition was filed in the trial court." *Mauldin v. Clements*, 428 S.W.3d 247, 263 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also In re Chester*, 398 S.W.3d 795, 800 (Tex. App.—San Antonio 2011, orig. proceeding) ("We review the 'present circumstances' of the child [under section 102.004(a)(1)] as they existed at the time the intervention was filed."). Our analysis begins with the live pleadings, but we may consider relevant evidence of jurisdictional facts when necessary to resolve the jurisdictional issue raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

When the trial court does not make separate findings of fact and conclusions of

law on the issue of standing, "we imply the findings necessary to support the judgment...[and] review the entire record to determine if the trial court's implied findings are supported by any evidence." *In re S.M.D.*, 329 S.W.3d 8, 13 (Tex. App.—San Antonio 2010, pet. dism'd).

What constitutes "substantial past contact" pursuant to Section 102.004(b) is not defined by statute. *Tinker*, 549 S.W.3d at 751 (*citing In re C.M.C.*, 192 S.W.3d 866, 871 (Tex. App.—Texarkana 2006, no pet.). However, in this proceeding, it is undisputed that at the time of the filing of the intervention, I.P. had resided with the intervenors for approximately 20 of the 28 months of her life. We find that this is sufficient evidence of "substantial past contact" to support the trial court's finding granting the intervention. We overrule issue three.[3]

**LEGAL AND FACTUAL SUFFICIENCY OF THE EVIDENCE**

In his fourth issue, the father complains that the evidence was legally and factually insufficient for the trial court to have found that he committed any of the five predicate acts upon which the trial court terminated his parental rights or that termination was in the best interest of I.P. *See* TEX. FAM. CODE §161.001(b)(1)(D), (E), (H), (N), & (O); 161.001(b)(2).

---

[3] Even if we were to find that the trial court erred by allowing the petition in intervention, the father was not harmed by the alleged error. The Department was named the permanent managing conservator of I.P., and the father agreed with the placement of I.P. with the intervenors at the time of the trial.

## STANDARD OF REVIEW

The standards of review for legal and factual sufficiency of the evidence in cases involving the termination of parental rights are well established and will not be repeated here. *See In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (legal sufficiency); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency); *see also In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009). If the evidence is sufficient as to one ground, it is not necessary to address other predicate grounds because sufficient evidence as to only one ground, in addition to the best interest finding, is necessary to affirm a termination judgment. *In re N.G.*, 577 S.W.3d 230, 232-33 (Tex. 2019).

## SECTION 161.001(b)(1)(E)

The father complains that the evidence was legally and factually insufficient for the trial court to have found that he "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." TEX. FAM. CODE §161.001(b)(1)(E). "'[E]ndanger' means to expose to loss or injury" or "to jeopardize." *In re J.F.-G.*, 627 S.W.3d 304, 312 (Tex. 2021) (*quoting Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987)). Under Subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's physical and emotional well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *See id.*; *see also* TEX. FAM. CODE § 161.001(b)(1)(E). The endangering conduct need not be directed at the child, nor must the child actually suffer

injury. *In re J.F.-G.*, 627 S.W.3d at 312. The specific danger to a child's well-being may be inferred from parental misconduct standing alone. *See In re R.W.*, 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. denied) ("As a general rule, conduct that subjects a child to a life of uncertainty and instability endangers the physical and emotional well-being of a child.").

Furthermore, courts may consider parental conduct that did not occur in the child's presence, including conduct that occurred before the child's birth. *See Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 616-17 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *see also In re E.N.C.*, 384 S.W.3d 796, 804-05 (Tex. 2012) (stating criminal offense occurring before child is born can be a relevant factor in establishing whether parent engaged in endangering conduct for purposes of subsection E). We may also consider conduct both before and after the Department removed the children from a parent. *In re S.R.*, 452 S.W.3d 351, 360 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). We may also consider the father's failure to complete his service plan in determining whether his conduct risks endangering the child pursuant to Section 161.001(b)(1)(E). *In re M.R.*, 243 S.W.3d 807, 818 (Tex. App.—Fort Worth 2007, no pet.).

Standing alone, evidence of incarceration is insufficient to support an endangering-conduct finding; however, it can be properly considered on the issue of endangering conduct and is relevant to prove a parent's overall instability. *See In re J.F.-G.*, 627 S.W.3d 304, 312-15 (Tex. 2021) (reaffirming that a parent's criminal history and

imprisonment are factors when considering endangering conduct although the mere fact of a conviction or sentence of incarceration, standing alone, will not support termination under Subsection (E)). Further, a parent's criminal conduct which leads to incarceration is relevant to the question of whether he engaged in endangering conduct. *See In re S.R.*, 452 S.W.3d at 360-61.

The father contends that the evidence was legally and factually insufficient for the trial court to have found that he endangered I.P. or placed her with persons who endangered her pursuant to Section 161.001(b)(1)(E) because he did not abandon the mother, did not have knowledge of her living conditions which led to the removal of I.P., and had not used drugs since 2021. Additionally, the father argues that there was no evidence that the father knew of the condition of the mother's home, her drug use, or other endangering conduct by the mother.

The father and mother were engaged in 2021 when she became pregnant. Both the father and the mother were using methamphetamine at that time. The mother left the father when her maternal aunt sent her a bus ticket to come to her home when she was approximately 20 weeks pregnant. The mother was said to have the self-care ability of a 12 to 13-year old child and the intellectual capacity of an 8 to 10 year old and had lost custody of multiple children due to her inability to care for them.

The father was arrested in 2021 and was incarcerated throughout the majority of the proceedings for what he referred to as "bail jumping." The record does not reflect

when he was likely to be released from prison. He had two prior convictions in 2008 for sexual assault of a child and is a registered sex offender. He was 26 years old at the time of the offenses which resulted in the victim becoming pregnant. His parental rights to that child were terminated.

The father stated that he was no longer using drugs at the time of the trial which is the subject of this appeal, but was engaged to a woman, not the mother of I.P. who was incarcerated for possession of methamphetamine. He had received a parenting packet during the proceedings but refused to fill it out. There was no evidence that he had attempted to participate in any services during the pendency of the proceedings.

Viewing the evidence under the appropriate standards, the evidence was legally and factually sufficient for the trial court to have found that the father had engaged in conduct which endangered the physical or emotional well-being of I.P. pursuant to Section 161.001(b)(1)(E). Because the father's conduct standing alone endangered the child, it was not necessary for him to be aware of the child's surroundings or the conduct of the mother. Because we have found the evidence was sufficient to support one predicate act, we do not address the sufficiency of the evidence as to Sections 161.001(b)(1)(D), (H), (N), or (O).

## BEST INTEREST

The father complains that the evidence was insufficient for the trial court to have found that termination was in the best interest of I.P. In determining the best interest of

a child, a number of factors have been consistently considered which were set out in the Texas Supreme Court's opinion, *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). This list is not exhaustive, but simply lists factors that have been or could be pertinent in the best interest determination. *Id*. There is no requirement that all of these factors must be proved as a condition precedent to parental termination, and the absence of evidence about some factors does not preclude a factfinder from reasonably forming a strong conviction that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). The *Holley* factors focus on the best interest of the child, not the best interest of the parent. *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 86 (Tex. App.—Dallas 1995, no writ). Evidence relating to the predicate grounds under section 161.001(b)(1) may also be relevant to determining the best interest of the child. *See C.H.*, 89 S.W.3d at 27-28.

I.P. had been placed in the intervenors' home in early 2024 where she remained until the trial. The intervenors wanted to adopt her and R.P., her sibling. They were willing and had continually facilitated the relationship between the children and their other maternal relatives.

The father had not attempted to make contact with the child or the intervenors and had no relationship with I.P. at all. He had refused to participate in services and was incarcerated for criminal conduct throughout the proceedings. The father was engaged to a woman who was also incarcerated for possessing methamphetamine, the same illegal

drug he had used prior to his incarceration. There was no evidence that he had done anything to learn how to be a parent to I.P.

Viewing the evidence using the appropriate standards for the sufficiency of the evidence, we find that the evidence was legally and factually sufficient for the trial court to have found that termination was in the best interest of I.P. We overrule issue four.

CONCLUSION

We affirm the judgment of the trial court.


MATT JOHNSON
Chief Justice


Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
Opinion delivered and filed January 23, 2025
[CV06]

